Dear Mr. Metoyer:
You have asked this office to advise if the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, etseq., prohibits one from serving as the Director of Finance for the City of Natchitoches and at the same time holding elective office as a member of the Natchitoches Parish School Board. For the following reasons, more fully explained below, it is the opinion of this office that state law governing dual officeholding prohibits the concurrent holding of these positions.
The City of Natchitoches is governed by the provisions of a home rule charter. Article IV, Section 4.03(A) of this charter provides for the appointment by the Mayor of the City's Director of Finance, as follows:
A. The head of the Finance Department shall be the finance director who shall be appointed by the mayor, subject to confirmation by the council, and shall serve at the pleasure of the mayor.
Under the state dual officeholding definitions, an individual holdsappointive office if the "office . . . is specifically established . . . by the charter or ordinances of any political subdivision" and the office is "filled by appointment . . . by an elected or an appointed public official or by a governmental body composed of such officials . . ." La.R.S. 42:62(2). Here, for purposes of dual officeholding, the position of Director of Finance is considered an appointive office because the position is established by charter provision and the position is appointed by the Mayor, subject to confirmation by the city council. Further, the position of Director of Finance is held on a full-time
basis.[1] *Page 2 
For purposes of dual officeholding, a school board member holdselective office under La.R.S. 42:62(1). Of relevance here is La.R.S. 42:63(D), which provides "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . full-time appointive office . . . in the government of a political subdivision thereof." It is the opinion of this office that application of La.R.S. 42:63(D) to these facts prohibits one from holding the full-time appointive office of Director of Finance and at the same time holding elective office as a member of the Natchitoches Parish School Board.
Our conclusion is predicated on the assumption that the City's home rule charter does not contain a provision which specifically authorized the holding of these provisions. We have not been provided any charter provision meeting this description, but we point out that such a provision would control over the dual officeholding provisions. See La.R.S. 42:66(D).[2]
We hope the foregoing is helpful to you. Should you have other questions with which we can provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:62(4) and (5) define full-time and part-time as follows:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
[2] La.R.S. 42:66(D) provides:
D. Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial office or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.